■ NORMAN J. NADEAU, JR., Appellant, v MID-HUDSON CO-OPERATIVE INSURANCE COMPANY, Respondent. [699 NYS2d 208] —Crew III, J. Appeal from an order of the Supreme Court

(Cobb, J.), entered August 8, 1998 in Columbia County, which denied plaintiff's motion for summary judgment.

In November 1993, defendant issued a named perils insurance policy to plaintiff insuring, *inter alia*, certain livestock owned by plaintiff and leased to Charles Klebs. The policy had been purchased through Kirk Kneller, president of Lofgren Insurance Agency. In July 1994, plaintiff was notified that Klebs had filed for bankruptcy and, at the same time, determined that his cattle were missing from Klebs' farm. Plaintiff notified Kneller of the situation and was advised to see what relief he could obtain from Bankruptcy Court. Subsequently, in January 1995 Kneller, on behalf of plaintiff, filed a written notice of claim with defendant regarding the loss. The following day defendant denied coverage and plaintiff thereafter commenced this action for breach of contract. Following joinder of issue and discovery, plaintiff moved for summary judgment, which motion was denied, prompting this appeal.

Plaintiff's initial contention on appeal is that Supreme Court erred in finding that issues of fact existed as to whether defendant was given timely notice of the claim. Specifically, plaintiff contends that his notification to Kneller in July 1994 constituted timely notice to defendant. We disagree. While the record makes plain that plaintiff notified Kneller of the disappearance of his cattle in July 1994, actual notice to defendant was not given until January 1995 and plaintiff has failed to adduce facts demonstrating, prima facie, that Kneller was acting as an agent of defendant rather than as an agent for plaintiff.

Similarly, plaintiff has failed to demonstrate facts from which it can be concluded, as a matter of law, that a theft indeed has taken place. The policy in question defines theft "as any act of stealing or attempt to steal" and specifically excludes loss "by conversion or embezzlement". All that appears from the record before us is the fact that the cattle in question were, by reason of a lease, in the lawful possession of Klebs when they disappeared. Plaintiff has submitted no facts from which it could be inferred that the cattle were the subject of a theft by a third person, as opposed to an unlawful conversion by Klebs.

Finally, a question of fact exists as to whether defendant had a good-faith basis to disclaim coverage 24 hours after receiving written notice of loss. Accordingly, Supreme Court properly denied plaintiff's motion for summary judgment.

Mikoll, J. P., Yesawich Jr., Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.